UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

PATRICIA HARRIS, et al.,

    Plaintiffs,

v.

OFFICE OF THE ARCHITECT OF THE CAPITOL,

    Defendant.
_____/

C. A. No. 1:97CV01658 (EGS)

FILED

OCT   2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## ORDER

Upon consideration of the parties' joint oral motion for approval of a Settlement Agreement resolving all claims in this litigation, and after having held a fairness hearing on September 28, 2001, which was continued on October 12, 2001, and in accordance with Fed. R. Civ. P. 23(e), the Court hereby finds as follows:

1. As set forth in the Settlement Agreement, this case was certified as a class action on behalf of the following class of plaintiffs on February 29, 2000:

> All women custodial workers employed by the Architect of the Capitol on or after January 23, 1996, the effective date of the Congressional Accountability Act, including those who terminated their employment or retired after that date and who were hired after that date, with respect to the causes of action alleged herein as violative of Section 201(a) and (b) of the Congressional Accountability Act, 2 U.S.C. § 1311 (a), (b), which incorporate the rights and remedies of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 and other sections cited therein, and make them applicable to the defendant and the legislative branch generally.

2. On July 20, 2001, the court granted the parties' joint oral motion for preliminary approval of a proposed Settlement Agreement between the parties and set a fairness hearing for September 28, 2001. Notice of the proposed settlement and the fairness hearing was mailed to all class members, numbering approximately 350 persons, and was advertised in

two newspapers, *The Washington Post* on September 8, 2001, and *Roll Call* on September 10, 2001.

3. One objection to the settlement was timely filed by Shirley Magruder. Through counsel, Ms. Magruder withdrew her objection on October 12, 2001.

4. Over thirty class members appeared at the September 28 and October 12, 2001 fairness hearings in support of the settlement and at least seven, including named plaintiffs Patricia Harris, Dolores Jones, Hazel Dews, Elsie Countess, Betty Pernell, Patricia Davis, and Jewel Lewis-Hall, urged the Court to approve the settlement without delay.

5. An objection was filed on or about October 9, 2001 by Betty Johnson, contending that she should have been included as a member of the class. Ms. Johnson had once been a custodial worker for the Office of the Architect of the Capital, but then became a cleaning room supply worker in 1987, and remained in that position until she retired in 1997. During the period of time covered by this lawsuit she admittedly worked in a different classification series – i.e. cleaning room supply worker, classification series 6901, WG-4 -- and earned a higher wage than members of the class, who were custodial workers in classification series 3566, WG-2 or WG-3. After hearing argument from counsel for the parties and from Ms. Johnson, the Court finds that Ms. Johnson is not similarly situated to the members of the class, and that Ms. Johnson's potential employment discrimination claims, if any, are distinct from the claims of the class members in this lawsuit.

6. The Court further finds that the class as originally certified meets all requirements of Fed. R. Civ. P. 23(a), that is, numerosity, commonality, typicality and adequacy of representation. Furthermore, because defendant acted on grounds generally applicable to the class, and the final injunctive and declaratory relief set forth in the Settlement

Agreement is appropriate to and will benefit the class as a whole, the class action was properly certified under Fed. R. Civ. Pr. 23(b)(2). See, e.g. Thomas v. Albright, 139 F.3d 227 (D.C. Cir. 1998), citing Amchem Products v. Windsor, 521 U.S. 591 (1997).

7. The Court further finds that the Settlement Agreement is fair, adequate and reasonable. The Settlement Agreement provides for the following relief: promotions, wage increases, retroactive promotions and increased retirement contributions, resulting in increased annuities for class members, wage upgrades for the custodial worker position, payments of money to class members, and other relief, including notice to plaintiffs' counsel of future job vacancies at the AOC. This relief is substantial compared to the risk, expense, and likely duration of further litigation. The Settlement Agreement was negotiated at arm's length with the assistance of a court-appointed mediator after lengthy discovery and almost four years of hard-fought litigation, and is not the product of collusion between the parties. Experienced counsel on both sides, and the vast majority of class members, support the Settlement Agreement. No valid objections by any class member remain before the Court; the only remaining objector is not a member of the class at all, and therefore has no standing to challenge the settlement.

8. The Court therefore finds that the Settlement Agreement is fair, adequate and reasonable, and hereby APPROVES the Settlement Agreement and dismisses this action with prejudice pursuant to the Settlement Agreement.

IT IS SO ORDERED:

EMMET G. SULLIVAN, UNITED STATES DISTRICT JUDGE

DATED: October 18, 2001

Copies to:

Stacy Ludwig, Esq.
Assistant U. S. Attorney
555 4th St., NW, Room 10-120
Washington, DC 20001

Barbara Kraft, Esq.
Sarah J. Starrett, Esq.
Beins, Axelrod & Kraft, P.C.
1717 Massachusetts Ave. NW, Suite 704
Washington, DC 20036